**DEPAJA ENTERPRISES, LTD.,**
**Plaintiff,**

**v.**

**The AMERICAN BANK & TRUST COMPANY, American B. & T Corporation, Continental Trade Bank, Saul Kagan, Abraham Feinberg, Stanley Kreitman, Leslie Geiger, Jose Klein, Alexander Szasz, Torleaf H. Benestad, Arthus Vare, Martin Wolf, Francisco Klein, Thomas J. Klutznick, Jean L. Wolf, Richard G. Helfman, Fabio Bohorques, Fred R. Dreyer, Vincent G. Staff, Robert Migatz, Edmund A. Fleckstein, Max Weiner, Herbert E. Mardos, Harold Michaels, Juan Graiver, Henrique Brodsky, Leonard Rudolph, Bank Leumi, the Federal Deposit Insurance Corporation, "John Does" 1 through 20, the persons intended being officers, directors, agents or employees of the American Bank & Trust Company and American B & T Corporation whose names are presently unknown to plaintiff, Defendants.**

**No. 77 Civ. 6075.**

United States District Court,
S. D. New York.

July 26, 1978.

Covington, Howard, Hagood & Holland, New York City, for plaintiff.

Kaye, Scholer, Fierman, Hays & Handler, New York City by Julius Berman, New York City, of counsel, for defendants.

## OPINION

SWEET, District Judge.

This motion is brought by defendant Bank Leumi Trust Company of New York ("Bank Leumi") for an order pursuant to Rule 12(b), Fed.R.Civ.P., dismissing the complaint as against Bank Leumi on the grounds that this court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted. The complaint asserts subject matter jurisdiction by virtue of the federal securities laws, the Federal Deposit Insurance Act and the doctrine of pendent jurisdiction. For the reasons set forth herein this court determines that it has no subject matter jurisdiction over the claim against Bank Leumi; therefore, there is no need to address the contention that the complaint fails to state a claim upon which relief can be granted.

The only claim against Bank Leumi set forth in the complaint is the Fifth Claim. The first paragraph of this claim repeats and reiterates the allegations contained in the previous paragraphs of the complaint with the same force and effect as if fully set forth in the Fifth Claim. None of these previous paragraphs contain an allegation or claim against Bank Leumi; there is no claim that Bank Leumi violated any federal law. In fact, in paragraph 63 of the complaint plaintiff specifically excluded Bank Leumi from its allegation of fraudulent acts which were the basis for the federal securities law claims. In the affidavit of plaintiff's counsel in opposition to this motion plaintiff for the first time asserts that Bank Leumi should be held liable for the alleged fraudulent acts of

persons who allegedly became employees and officers of Bank Leumi. However, an affidavit is insufficient to assert a claim against Bank Leumi not set forth in the complaint. Furthermore, this court would be hard pressed to find a claim against Bank Leumi on the mere allegation that the Bank is responsible for the prior acts of persons who later became associated with Bank Leumi.

Therefore, the sole claim against Bank Leumi which is before this court is set forth in paragraphs 59 through 63 of the complaint. This claim is based upon plaintiff's allegation that it is a beneficiary of an agreement entered into between The Federal Deposit Insurance Corporation ("FDIC") and Bank Leumi in which Bank Leumi agreed to assume certain liabilities of the American Bank & Trust Company ("ABT"). This claim is asserted pursuant to the pendent jurisdiction powers of this court. An exercise of such power would be improper in this instance.

■■ A federal court has the power to hear a pendent state claim only when the state and federal claims are derived from a "common nucleus of operative facts". *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965). There is no such common nucleus between the facts alleging federal securities law violations and those alleged against Bank Leumi.

Contrary to the assertion of the plaintiff in its answering affidavit, there is no claim in the complaint against Bank Leumi for any fraudulent acts or practices; the complaint specifically excludes Bank Leumi from involvement in the alleged fraudulent scheme which is the brunt of plaintiff's complaint. *See* Complaint at ¶ 63. The agreement which is the basis for the claim against Bank Leumi came into existence after the alleged fraudulent scheme was completed. *See* Complaint at ¶¶ 38 and 59. The factual question to be determined as to the claim against Bank Leumi is whether

the plaintiff "was intended to be one of the beneficiaries of the agreement between the FDIC and Bank Leumi" and whether "it is entitled under the terms of the agreement to have its obligation from the Bank [ABT] assumed by Bank Leumi and paid by Bank Leumi." Complaint at ¶ 62. This claim is purely contractual in nature and emanates from a set of facts arising from the course of dealing between the FDIC and Bank Leumi and has no relationship to the facts giving rise to the federal securities law claims. Therefore, inasmuch as the necessary nexus does not exist between the federal securities law claims and this state claim, the requirements of pendent jurisdiction vis a vis these separate claims have not been satisfied. *See Sun Enterprises, Ltd. v. Train*, 394 F.Supp. 211 (S.D.N.Y.1975) *aff'd* 532 F.2d 280 (2d Cir. 1976).

A more difficult question arises as to whether there exists pendent jurisdiction as a result of the claim against the FDIC pursuant to 12 U.S.C. § 1813 *et seq.* (1970). The claim against the FDIC is set forth as plaintiff's Sixth Claim in ¶¶ 64 through 69 of the complaint.* This claim asserts that if Bank Leumi is not obligated to the plaintiff pursuant to Bank Leumi's agreement with the FDIC, then the plaintiff has been improperly deprived of its interest in the assets of ABT by the actions of the FDIC. *See* Complaint at ¶ 68. Contrary to the unsupported assertion of the defendant in footnote 6 of its Memorandum in Support, it appears to this court that plaintiff's claim against the FDIC arises out of the same set of facts as, in fact is contingent upon the outcome of, its claim against Bank Leumi. However, pendent jurisdiction must still be denied in this instance.

■ The claim against the FDIC, pursuant to 12 U.S.C. § 1819, grants the FDIC the power to sue and be sued in the federal courts. The statute goes on to provide as follows:

---

\* A Seventh Claim is asserted for the $40,000 insurance coverage provided by the FDIC. This claim is simply statutory and has no rela-

tionship, factual or otherwise, to the claim against Bank Leumi.

> All suits of a civil nature at common law or in equity to which the Corporation [FDIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; . . . except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

The claim here is against the FDIC in its capacity as receiver for a State bank; thus it is not deemed to arise under the laws of the United States. The only logical conclusion is that jurisdiction is premised upon plaintiff's position that 12 U.S.C. § 1819 authorizes suit against the FDIC in the federal courts on a state law claim (*see Mallis v. FDIC,* 407 F.Supp. 7, 13 (S.D.N.Y. 1975)) and that Bank Leumi is a "pendent party" to that claim. Under no circumstance could plaintiff have sued Bank Leumi alone under the aforementioned statute. Therefore, pursuant to the Supreme Court's decision in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), there can be no pendent jurisdiction here. In *Aldinger* the court refused to extend pendent party jurisdiction to a claim under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 in that the pendent party (a county) was not a party intended otherwise to be subject to the statute there in question. The Supreme Court stated

> But the question whether jurisdiction over the instant lawsuit extends not only to a related state-law claim, but to the defendant against whom that claim is made, turns initially, not on the general contours of the language in Art. III, *i. e.,* "Cases . . . arising under," but upon the deductions which may be drawn from congressional statutes as to whether Congress wanted to grant this sort of jurisdiction to federal courts. . . . In short, as against a plaintiff's claim of *additional* power of a "pendent party,"

the reach of the statute conferring jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power *has* been extended by Congress.

\* \* \* \* \* \*

> When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together. As we indicated at the outset of this opinion, the question of pendent-party jurisdiction is "subtle and complex," and we believe that it would be as unwise as it would be unnecessary to lay down any sweeping pronouncement upon the existence or exercise of such jurisdiction. Two observations suffice for the disposition of the type of case before us. If the new party sought to be joined is not otherwise subject to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state-law claim. Before it can be concluded that such jurisdiction exists, a federal court must satisfy itself not only that Art. III permits it, but that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its existence.

*Id.* at 16–18, 96 S.Ct. at 2421–2422. [Footnote omitted.] As in *Aldinger,* the statute here limits the parties that can be sued thereunder. Bank Leumi is not such a party. Furthermore, the grant of jurisdiction to this court with respect to the FDIC is not exclusive and the claims against the FDIC and Bank Leumi arise solely under state law. There can be no pendent party jurisdiction here.

Furthermore, even if pendent jurisdiction did exist here this court would decline to exercise its discretion. The claim against Bank Leumi is one arising under state law and belongs with the state claims relating

to the demise of ABT which are presently pending in the courts of New York State.

Motion to dismiss for lack of subject matter jurisdiction is granted.

SO ORDERED.